**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION**

**BRANDON MILLS**                                                                            **PLAINTIFF**

**V.**                                          **CASE NO. 3:22-CV-03021**

**MCGEORGE CARADINE,**
**Cotter City Mayor**                                                                    **DEFENDANT**

### OPINION AND ORDER

Before the Court are a Motion to Dismiss (Doc. 37) and Brief in Support (Doc. 36) filed by Defendant McGeorge Caradine, Mayor of Cotter City, Arkansas, and Plaintiff Brandon Mills's Response in Opposition (Doc. 38).[1] Also before the Court are Mr. Mills's Motion to Set Aside Current Motion to Dismiss and Reinstate Defendant William Ernst (Doc. 39) and Defendant William Ernst's Response in Opposition (Docs. 41 & 42). Next, before the Court are Mr. Mills's Motion for Enlargement of Time of Discovery and to File Dispositive Motions (Doc. 40), Mayor Caradine's Response in Opposition (Doc. 44), and Mr. Mills's Reply (Doc. 46). Finally, Mr. Mills filed a Motion to Compel Discovery (Doc. 47).

For the reasons stated below, the Motion to Dismiss is **GRANTED**, the Motion to Set Aside is **DENIED**, the Motion for Enlargement of Time of Discovery is **DENIED**, and the Motion to Compel is **STRICKEN**.

---

[1] Because the Motion was filed after Mayor Caradine filed an answer and the pleadings were closed, it is more accurately described as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) than a motion to dismiss under Rule 12(b)(6). Regardless, the legal standard applied by the Court is the same under either type of motion. *See Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

## I.   BACKGROUND

Mr. Mills brought this case *pro se* in the Circuit Court of Baxter County, Arkansas,

in April 2021, alleging violations of state law by the defendants Mayor Caradine and

William Ernst. After Mr. Mills filed his Second Amended Complaint (Doc. 3) adding federal

claims against the defendants, Mayor Caradine removed the case to this Court in May

2022.

At the case management hearing held on August 10, 2022, Mr. Mills requested

three months of discovery, which the Court rejected in favor of six months and set a

discovery deadline of February 13, 2023. Further, after striking an amended complaint

filed without leave by Mr. Mills on July 28, 2022, the Court told Mr. Mills that he had

permission to file one final amended complaint "with the understanding that you are going

to put all of the factual allegations and all the legal causes of actions you want to pursue

and with the understanding there will be no more opportunities to amend the complaint

absent you showing some sort of good cause for something that you learned during

discovery." Mr. Mills took the Court up on its offer and filed the Third Amended Complaint

(Docs. 27 & 27-1) on August 23, 2022.

The Third Amended Complaint alleges that on or about April 7, 2020, Mayor

Caradine contacted Mr. Mills to inform him that Mr. Mills's pit bull Rugger had escaped

his enclosure, had been "picked up," and was at the police station. (Doc. 27-1, p. 5). Mr.

Mills retrieved Rugger from the police station and left his contact information with the

Mayor and Mr. Ernst so they could contact Mr. Mills if they found Rugger roaming in the

future. Mr. Ernst is a private citizen and the owner of Denton Ferry RV Park in Cotter City.

The next day, Mr. Mills returned home to discover that Rugger had escaped once again. He immediately called Mayor Caradine, who said that Mr. Ernst had possession of Rugger and was taking Rugger to be euthanized. Mayor Caradine further stated that he "had given [Mr. Ernst] permission to do as he pleased" with Rugger. *Id.* at p. 4. Mr. Mills contacted Mr. Ernst, who stated that—rather than euthanize Rugger—he intended to keep Rugger and had taken him to a veterinarian. After calling "every vet in Baxter County," Mr. Mills was able to locate and retrieve Rugger. *Id.* at p. 3. However, the vet informed Mr. Mills that Rugger—who Mr. Mills intended to use as a stud dog—had been neutered at Mr. Ernst's request.

Mr. Mills alleges Mayor Caradine's actions violated city ordinances, Arkansas law, and Mr. Mills's rights under the Fourth, Fifth, and Fourteenth Amendments. Mr. Mills alleges Mr. Ernst violated Mr. Mills's Fourth Amendment rights "under the approval and permission of [Mayor Caradine] who acted under color of law" and Mr. Ernst's decisions "were a direct result of" Mayor Caradine's actions. *Id.* at p. 2.

On December 8, 2022, the Court dismissed the Third Amended Complaint as against Mr. Ernst. *See* Doc. 33. The Court explained that the Third Amended Complaint failed to allege that Mr. Ernst was acting under color of law in order to establish liability under 42 U.S.C. § 1983 because "Mr. Ernst is not a public official, was not delegated any state power, and the alleged facts do not plausibly suggest that he and Mayor Caradine were engaged in a joint activity to deprive Mr. Mills of his constitutional rights." *Id.* at p. 4.

## II.  MR. MILLS'S DISCOVERY MOTIONS

The Court begins with Mr. Mills's request to extend the time for discovery and to compel certain discovery. Mr. Mills's Motion for Enlargement of Time of Discovery and to

File Dispositive Motions asks that the Court extend the discovery and dispositive motion deadlines by 60 days and issue subpoenas to Mayor Caradine to appear for a deposition and for certain phone records. Mr. Mills's Motion to Compel similarly seeks to depose Mayor Caradine and production of phone and bank records. Mr. Mills notes that he emailed defense counsel on February 13—the discovery deadline—asking to depose Mayor Caradine but never received a response.

Mr. Mills's requests stem from discovery disputes between the parties that the Court is only now being informed of. Mr. Mills did not require a subpoena from this Court to depose Mayor Caradine because he is a party to this suit. Nevertheless, it appears the parties could not reach an agreement on depositions and document production. When such a dispute arises, Section 5(c) of the Court's Case Management Order (Doc. 26) requires the parties to bring their dispute to the Court's attention before the close of discovery, rather than filing a motion to compel. If a motion to compel is authorized by the Court, that too must be filed before the close of discovery.

These procedures were not followed, and no good cause has been stated to extend the discovery period, which ended on February 13 and was twice as long as Mr. Mills initially requested. Accordingly, the Court denies the requested deadline extensions and subpoenas. The Motion to Compel is stricken due to noncompliance with the Case Management Order.

### III. MAYOR CARADINE'S MOTION TO DISMISS

Mayor Caradine argues that the Third Amended Complaint must be dismissed because it does not allege the necessary policy or custom needed to state a claim for official capacity under § 1983, it fails to name Mayor Caradine in his individual capacity,

and it otherwise fails to allege any specific claim against Mayor Caradine.

Mr. Mills has sued Mayor Caradine "under 42 U.S.C. § 1983, which imposes liability for certain actions taken 'under color of' law that deprive a person 'of a right secured by the Constitution and laws of the United States.'" *Magee v. Trs. of Hamline Univ.*, 747 F.3d 532, 535 (8th Cir. 2014) (quoting *Dossett v. First State Bank*, 399 F.3d 940, 947 (8th Cir. 2005)). There are two types of claims under § 1983: (1) individual-capacity claims against a government official for the official's own unconstitutional conduct and (2) official-capacity claims, which are technically suits against the government official's employer for the employer's unconstitutional conduct. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). An official-capacity claim requires the plaintiff allege (1) a constitutional violation (2) that results from (a) official municipal policy; (b) an unofficial custom, or (c) failure to train or supervise. *See Robbins v. City of Des Moines*, 984 F.3d 673, 681–82 (8th Cir. 2021).

The Court finds that the Third Amended Complaint fails to allege any facts that would establish a policy, custom, or failure to train on the part of Cotter City that resulted in Mayor Caradine violating Mr. Mills's constitutional rights. Therefore, the official-capacity claims against Mayor Caradine must be dismissed.

Turning to the individual-capacity claims, Mayor Caradine correctly points to the strict rule that a claim is brought against a public official in his or her individual capacity only if the complaint clearly says so. *See Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007). Here, the Third Amended Complaint only states that Mayor Caradine is being sued in his official capacity. Nevertheless, the Court has the authority to allow Mr. Mills to amend his complaint to add an individual-capacity claim, *see Murphy v. Arkansas*, 127

5

F.3d 750, 755 (8th Cir. 1997), and the Court construes Mr. Mills's Response to the Motion as a request to amend his pleading to include an individual-capacity claim against Mayor Caradine. Therefore, the Court will assume for the purpose of deciding the Motion to Dismiss that Mr. Mills has sued Mayor Caradine in both his individual and official capacities.

Accordingly, the Court must decide whether the Third Amended Complaint states sufficient facts to state a plausible claim that Mayor Caradine, in his individual capacity, violated Mr. Mills's rights when the Mayor allowed Mr. Ernst to seize and neuter Rugger. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Third Amended Complaint states that Mayor Caradine violated unspecified city and state "holding laws," along with the Fourth, Fifth, and Fourteenth Amendments. (Doc. 27-1, p. 4). The allegations are most readily understood to allege that Mr. Mills's property was unlawfully seized. "A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). Mr. Mills also claims he has suffered harassment by city police, secretaries, judges, and attorneys due to Mayor Caradine's actions.

The Third Amended Complaint fails to plausibly allege any claim against Mayor Caradine. It does not allege that Mayor Caradine seized Rugger. Instead, it states that Mayor Caradine informed Mr. Mills that *Mr. Ernst* had seized Rugger. As a result, it is unclear from the complaint what wrongful conduct Mayor Caradine allegedly committed, aside from telling Mr. Ernst to do as he pleased with Rugger. A state actor's "mere approval of or acquiescence in the initiatives of a private party does not amount to state action." *Sabri v. Whittier All.*, 833 F.3d 995, 1000 (8th Cir. 2016) (cleaned up); *see also*

6

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 54 (1999) ("[P]ermission of a private choice cannot support a finding of state action."). In other words, the Third Amended Complaint largely describes the wrongful acts of Mr. Ernst, but Mayor Caradine cannot be held liable for Mr. Ernst's actions. All other allegations of wrongdoing against Mayor Caradine are conclusory and therefore insufficient. Accordingly, the Court must dismiss all claims against Mayor Caradine in his individual capacity.

### IV. MR. MILLS'S MOTION TO REINSTATE MR. ERNST

Finally, Mr. Mills's Motion to Set Aside asks the Court to reverse its prior ruling dismissing all claims against Mr. Ernst. As the Court explained to Mr. Mills at the case management hearing and in its order dismissing Mr. Ernst, Mr. Mills may only re-plead his case against Mr. Ernst if new facts are learned in discovery that affect whether Mr. Ernst acted under color of law. In his current Motion, Mr. Mills fails to identify any new facts he has learned in discovery, instead stating that "further discovery will show" Mr. Ernst is liable for violating Mr. Mills's rights. Unfortunately, discovery is now closed, and the Court finds no cause to reconsider its ruling dismissing all claims against Mr. Ernst.

### V. CONCLUSION

In summary, Mr. Mills has not brought a proper claim against either Mayor Caradine or Mr. Ernst in this case. Mr. Mills's claims against Mayor Caradine fail because the Third Amended Complaint alleges that Mr. Ernst, not the Mayor, seized Rugger and had him neutered. The Mayor allegedly approved of Mr. Ernst's actions, but the Mayor's approval is not enough to hold the Mayor liable for what Mr. Ernst did. Mr. Mills's claims against Mr. Ernst fail because Mr. Ernst is a private citizen who cannot be held liable for violations of Mr. Mills's constitutional rights, and the Third Amended Complaint only brings

constitutional claims against Mr. Ernst. The Court makes no ruling on any state-law tort claims that Mr. Mills could bring against Mr. Ernst in state court for allegedly seizing and neutering Rugger without Mr. Mills's consent.

Mr. Mills has amended his complaint three times in this case, and discovery is now closed. Mr. Mills has not requested further leave to amend. Assuming he had, further amendment would be futile because he has not identified any new facts he learned in discovery that would allow him to successfully state a claim against either Defendant.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Doc. 37) is **GRANTED**, the Motion to Set Aside Current Motion to Dismiss and Reinstate Defendant William Ernst (Doc. 39) is **DENIED**, the Motion for Enlargement of Time of Discovery and to File Dispositive Motions (Doc. 40) is **DENIED**, the Motion to Compel Discovery (Doc. 47) is **STRICKEN**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk is directed to close the case.

**IT IS SO ORDERED** on this 6th day of April, 2023.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE